IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERBERT JAMES CODDINGTON,

      Petitioner,               No. CIV-S-01-1290 MCE GGH P

      vs.

JEANNE WOODFORD,                    **DEATH PENALTY CASE**

      Respondent.               ORDER

_____/

      This case was stayed on November 20, 2002, for purposes of exhausting unexhausted claims. On May 27, 2005, petitioner filed an amended petition in this court. The undersigned, believing that exhaustion had been completed, set a scheduling conference. The parties now inform the court (filing of June 17, 2005) that exhaustion has not been completed, but rather, because the Supreme Court has authorized the staying of a mixed petition (contrary to the previous practice in the Ninth Circuit of staying only petitioner with exhausted claims). See Rhines v. Weber, __U.S.__, 125 S. Ct. 1528 (2005). The precise underlying tactical reason for filing the amended *unexhausted* petition remains unclear because nothing in Rhines precluded or invalidated the previous Ninth Circuit practice of staying petitions with exhausted claims only. That is, there was no mandate issued by the Supreme Court to arouse this stayed case.

\\\\\

Moreover, petitioner's premature filing raises procedural issues. A stayed case is one that does not permit filings outside the terms of the stay order. Parties cannot awake, and then put to sleep, cases at their will. Awakening a case outside the terms of a stay order requires a court order. Secondly, <u>Rhines</u> held that the stay of a mixed petition was not automatic, as previous Ninth Circuit practice had effectively held, and as petitioner urged upon the district judge in this case. Petitioner now has to show good cause for including unexhausted claims in the petition. By unilaterally filing an amended petition with unexhausted claims, and then requesting that the court make this filing subject to its previous, "automatic" stay, petitioner wants the benefit of the previous "automatic" stay without the burden of demonstrating the present requirement of good cause.

However, petitioner represents that respondent joins in the request to vacate the scheduling order and place this case in dormancy once again. The court accepts this representation. Respondent has therefore waived any "good cause" objection to the newly stated unexhausted claims that it might otherwise have possessed.

Accordingly, the undersigned vacates the scheduling order issued June 10, 2005; the case shall remain stayed pursuant to the previous order of the district judge. The amended petition will be considered filed as of the actual date of filing.

DATED: 6/22/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
codd1290.ord