IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERBERT JAMES CODDINGTON,

    Petitioner,                    NO. CIV S-01-1290 MCE GGH DP

    vs.                            **DEATH PENALTY CASE**

VINCENT CULLEN, Acting Warden,

    Respondent.                 ORDER

/

        The court is in receipt of petitioner's Supplemental Motion for Discovery, as well as Exhibits 103, 104 in support of the Motion. Petitioner requests that these documents be sealed. The requests are more complicated than might first meet the eye.

        First, even if the documents are to be sealed, there is no valid reason to keep said documents from respondent. There is a need-to-know on respondent's part about whether to oppose the supplemental discovery request, and later on, if the discovery request is granted, how to deal with the information to be disclosed in later proceedings herein. Thus, within fourteen days of the filed date of this order, the parties shall file a mutually agreed upon protective order precluding dissemination from all except those with a need-to-know in this case, or use of the

\\\\\

\\\\\

\\\\\

1

documents to be sealed in matters outside the needs of this case.[1]

Secondly, in the Ninth Circuit, there are two standards utilized in determining whether documents, filed in court, should be sealed. If the documents are filed in non-dispositive proceedings, there must be good cause for their sealing. Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary").

"Good cause" to bar the public from litigation documents must be more than mere desire. The party seeking protection must show specific prejudice or harm, including, with respect to individual documents, particular and specific need. Id.; W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 11:88. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips, 307 F.3d at 1211 (citing Glenmade Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir.1995) (factors)).

If documents are to be sealed in potentially dispositive proceedings, compelling reasons for sealing must exist – even "good cause" is insufficient. Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 679 (9th Cir. 2010).

In all cases, but especially in capital habeas corpus cases, the public's right to know is not lightly disregarded. Open proceedings avoid Star Chambers situations, or convenient disregard of the law, whether in favor of, or against, the government or a private party. The court issues its ruling here with the above in mind.

---

[1] Work product, even in criminal defense situations, does not extend so far as to allow defendants to make motions based on secret grounds except in the most compelling of privilege circumstances, e.g., where a Constitutional right of the defendant is directly at risk. Here, the product to be gained from formal discovery does not implicate any privilege held by the defendant. To obtain a court order, a party must often tip its hand by disclosing what the party might otherwise hope to keep undisclosed.

1  Good cause has been shown to permit sealing of the requested documents at this
2  time in that the documents reference highly private matters of an individual(s) not a party to this
3  case.  However, it is doubtful that either party can demonstrate the compelling reasons necessary
4  if these documents were later to be used in dispositive proceedings.  Nevertheless, the
5  undersigned need not make a present ruling on the future use or attachment of sealed documents
6  in dispositive proceedings except to hold here that this initial sealing order does not apply to later
7  indirect reference or formal attachment of the documents to be sealed.  The party seeking to so
8  use the documents must make the required showing at the time of reference/use.
9  Accordingly, the Supplemental Motion for Discovery and Exhibits 103, 104, are
10 ordered presently sealed.  No use of, or reference to, the sealed documents may be made in
11 dispositive proceedings without further order of the court on a party's motion.
12 DATED: 12/22/2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
coddington.seal