IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HERBERT JAMES CODDINGTON, | | |
| Petitioner, | No. CIV S-01-1290 KJM GGH DP | |
| vs. | **DEATH PENALTY CASE** | |
| VINCE CULLEN, Acting Warden, | | |
| Respondent. | ORDER | |
| _____/ | | |

I. *Introduction and Summary*

Perhaps no other law has generated more interpretive fits and starts than AEDPA[1]. The issue here, the extent of permissible discovery in a habeas corpus action, seemingly once settled, has been upset by the AEDPA ruling of Cullen v. Pinholster, __U.S.__, 131 S.Ct. 1388 (2011). Although Cullen specifically dealt with evidentiary hearings, its linkage to the discovery issue presented here is unquestionably present. And much as petitioner would like to read Cullen as having no real effect on a petitioner's right to an evidentiary hearing in federal habeas, or in turn, discovery for presentation of facts at evidentiary hearing, the case is remarkable for its restrictions on such. Cullen is not, as petitioner argues, merely an idiosyncratic, wholesale

---

[1] Antiterrorism and Effective Death Penalty Act; the specific statutory section involved in the analysis is 28 U.S.C. § 2254.

1

affirmation of the Townsend formula for development of facts in federal habeas.

For the reasons stated below, the court denies discovery at this time, and vacates its oral order at hearing previously permitting discovery on the "juror" issue. The undersigned will expeditiously proceed to the pending procedural default motion, and will issue a ruling on that so that an answer and traverse may be filed to appropriate claims.

*Procedural Posture*

Presently pending is petitioner's motion for discovery, part of which was filed under seal. Docs. 107, 110. Respondent timely filed an opposition and a hearing was held before the undersigned on March 24, 2011. Appearing for petitioner was Jennifer Mann and Bruce Cohen.[2] Appearing for respondent was Christina Simpson and Eric Christoffersen. After hearing, the undersigned asked for supplemental briefing due to the recently announced case of Cullen v. Pinholster, __U.S.__, 131 S.Ct. 1388 (2011). Further argument was held on May 18, 2011.

*Discussion*

A. The Cullen Case

Cullen was decided on April 4, 2011. The majority holding on the propriety of evidentiary hearings, with five justices joining in the majority opinion, provided: "We now hold that review under § 2254(d)(1)[3] is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen at 1398. Further emphasis for the holding appears throughout the opinion: "[E]vidence introduced in federal court has no bearing on § 2254(d)(1)

---

[2] Mr. Cohen appeared by phone.

[3] 28 U.S.C. § 2254(d) provides: (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

review." See also: "[E]vidence later introduced in federal court is irrelevant to § 2254(d)(1) review." Id. There is no ambiguity in these holdings.[4]

In the course of adjudicating the subsection (d)(1) issue, the Supreme Court was *unanimous* in its discussion that § 2254(d)(2) (see footnote 1 above) was clear in limiting the evidence on review to that put before the state courts. The dissent viewed the explicit reference to the § 2254(d)(2) [review of state court decisions based on an unreasonable factual determination] as a reason to distinguish its explicit language limiting review to the state court record[5] to the situation presented by (d)(1) which did not contain the explicit language. Cullen (dissent) at 1415-1416. In answering this point, the majority agreed that the explicit language of (d)(2) made that section easy to interpret as precluding federally developed evidence, but held that the explicit language did not mean that (d)(1) was open to any and all federally developed evidence. Id. at 1400 (n.7) (emphasis added):

> Pinholster and Justice SOTOMAYOR place great weight on the fact that § 2254(d)(2) includes the language "in light of the evidence presented in the State court proceeding," whereas § 2254(d)(1) does not. See post, at 1415 - 1416. The additional clarity of § 2254(d)(2) on this point, however, does not detract from our view that § 2254(d)(1) *also* is plainly limited to the state-court record.

The undersigned repeats for emphasis: "§ 2254(d)(1) *also* is limited to the state-court record." Clearly the word "also" means that *both* §§ 2254(d)(1) and 2254(d)(2) are limited to the state court record where the state court made an "adjudication on the merits," § 2254(d). There can be no other meaning placed on the word "also" as it can only indicate both subsections.[6]

\\\\\

---

[4] See Johnson v. Walker, 2011 WL 1668970 (E.D. Cal. 2011); Riofta v. Pacholke, 2011 WL 1990626 (W.D. Wash. 2011).

[5] "in light of the evidence presented in the State court proceeding"

[6] Therefore, the undersigned need not engage in the analysis discussed at hearing whether nearly every claim can be either stated alternatively as a (d)(1) claim or a (d)(2) claim, and further federal factual development could be allowed for a (d)(2) claim as opposed to a (d)(1) claim.

Petitioner asserts that <u>Cullen</u> made no holding on whether § 2254(e)(2) would preclude or allow an evidentiary hearing. While that statement is technically correct, <u>Cullen</u> unmistakably views § 2254(e)(2) as an additional *limitation* on evidentiary hearings when they are otherwise permitted, not as a free standing grant for wholesale evidentiary hearings. <u>Cullen</u> at 1401.

Thus, in habeas cases where the state courts had made an "adjudication on the merits" with respect to particular issues, previous rulings by the circuit and district courts permitting federal factual development on such issues prior to a resolution of those issues initially on the state court record have been abrogated.[7]

Because all of the claims at issue here were decided on the merits in state court proceedings,[8] no evidentiary hearing is appropriate on any of the claims for which discovery is sought.[9]

### B. <u>Cullen's Application to Habeas Discovery</u>

Petitioner argues that whatever the holding of <u>Cullen</u> with respect to evidentiary hearings, that holding has nothing to do with the ability of the court to order federal discovery in habeas corpus. However, petitioner could not answer the inexorably related question of – why permit discovery if it cannot be used? Put another way, how could a district court ever find good cause for federal habeas discovery, <u>Bracy v. Gramley</u>, 520 U.S. 899, 904, 117 S.Ct. 1793 (1997),

---

[7] Evidentiary hearings are not precluded for issues which have *not* been decided on the merits in state court. For example, where the issue had been decided in state court on procedural grounds, or where the federal issue had not been fully reached because of a threshold, substantive legal error, the limitations of (d)(1) and (d)(2) do not apply.

[8] The claims at issue in this discovery motion are Claims 3 (actually 1-3), 35, 9, 46, 47, and 48. None of these claims are at issue in respondent's procedural default motion; thus as respondent does not contest that all of these claims are exhausted, they were ruled upon on their merits.

[9] Nor will an assertion – that because the state record was incomplete, there was no adjudication on the merits – operate to avoid the <u>Cullen</u> holding. <u>Atkins v. Clarke</u>, __F.3d__, 2011 WL 1419127 (1st Cir. 2011). An adjudication on the merits is just that regardless of one's view on the completeness of the record on which the ruling was made.

4

if it could not be put to use in federal court at an evidentiary hearing or otherwise. See Kemp v. Ryan, 2011 WL 1585598 *13 (9th Cir. 2011) ("Because Kemp is not entitled to an evidentiary hearing, the district court did not err in denying his request for discovery, as well as his request for a hearing. First, because the district court was not authorized to hold an evidentiary hearing on Kemp's deliberate elicitation claim, obtaining discovery on that claim would have been futile.")

The only suggestions put forth by petitioner to overcome the common sense of not permitting discovery where an evidentiary hearing is not authorized, were the truism that district courts always maintain "discretion" to order discovery, and/or perhaps discovery could elicit facts which could be used for (re)exhaustion purposes in state court. The first suggestion misconceives the nature of judicial discretion as unbounded, subject only to the views or whims of the deciding judge. Discretion remains bounded by the law on the subject, and when that law indicates that federal factual development is initially precluded or not useable, as Cullen surely does, a judge abuses his or her discretion by ignoring the law. See FCC v. Fox Television Stations, Inc., --- U.S. ----, 129 S.Ct. 1800, 1830 (2009) (Breyer dissenting) (observing that "American courts have followed a venerable legal tradition, stretching back at least to the days of Sir Edward Coke" that "discretion" be "limited and bound with the rule of reason and law" (internal citations and quotation marks omitted)). See also Pacific Indemnity Co. v. Atlas Van Lines, Inc., __F.3d__, 2011 WL 1486069 *5 (9th Cir. 2011) ( if district court discretion is based on an erroneous interpretation of the law, it cannot stand).[10]

The suggestion that federal discovery can be utilized to develop a record for state court purposes (on return to state court for more exhaustion) turns the entire federal habeas process on its head. Requiring full development of all issues in state court *before* arriving at

---

[10] Thus, while it is clear that ordering discovery and evidentiary hearing is a task within the discretion of the court Schiro v. Landrigan, that discretion is exercised within the constraints of statutory and case law.

federal court is the goal of exhaustion and AEDPA. Rose v. Lundy, 455 U.S. 509, 519, 102 S.Ct. 1198,1203-04 (1982) ("Equally importantly, federal claims that have been fully exhausted in state courts will more often be recognized by a complete factual record to aid the federal courts in their review."). To place the federal courts in the position of a handmaiden to the state courts, i.e., the fact developer, would require an entire revamping of federal law. The undersigned understands that informal *investigation* may be used to identify new claims for exhaustion at the inception of a federal habeas case, McClesky v. Zant, 499 U.S. 467, 111 S.Ct. 1454 (1991), but that is a far cry from using formal discovery to do so. Moreover, the discovery in this case will be utilized, not for the purpose of identifying "missed" claims, but rather to further develop claims that have been extant for years.

Petitioner's rejoinder to the above is that state court development of the facts would be fine, if only the state would ever permit such. Petitioner presents statistics regarding summary denials showing that, at least as far as the end result goes, the State of California rarely grants any habeas claims, and very infrequently permits evidentiary hearings, the reasons being either ideological or resource driven. A claim has been raised in the amended petition concerning a systemic lack of due process in the California habeas system (as well as almost every aspect of going to trial in a criminal case in California), Claim 159, and the undersigned will not undertake in this discovery motion an analysis of the fairness of the California capital case justice system.[11] Indeed, a state collateral review process is not even constitutionally required from a federal perspective. Pennsylvania v. Finney, 481 U.S. 551, 557, 107 S.Ct. 1990 (1987). Moreover, it is clear that petitioner *was* permitted under state law, both formally and informally, to factually develop several claims, and petitioner took that opportunity to do so. See e.g., Cal. Penal Code § 1054.9 discussion.

\\\\

---

[11] Perhaps if petitioners were more discerning in only bringing manifestly colorable claims before the state courts in habeas, there would be fewer summary denials.

In sum, the undersigned will not exercise discretion to afford petitioner the opportunity to develop facts which would be precluded from presentation at a federal evidentiary hearing – at least initially.

### C.  Further Proceedings After Cullen

If a habeas claim has been adjudicated on the merits by a state court, and further factual development is precluded, at least initially until the court makes a (d)(1), (d)(2) ruling, where does Cullen take the parties now?  There are two possibilities: the petitioner does not, or does, prevail on an issue.  Taking the first possibility, not prevailing, the path is easily discernible – it ends with the ruling.  This is neither untoward nor unfair.

In state habeas practice, as well as federal, notice pleading is *not* the rule.  A petitioner in California must set forth facts constituting a prima facie case of error, In re Clark, 5 Cal. 4th 750, 770, 781, 21 Cal. Reptr. 2d 521-22, 529 (1993), and for federal habeas purposes, he must allege specific facts demonstrating the "real possibility" of constitutional error. Calderon v. USDC (Nicolaus), 98 F.3d 1102, 1109 (9th Cir. 1996).  In neither system may a petitioner seek to use habeas discovery as a "fishing expedition for habeas petitioners to explore their case in search of its existence." (internal quotation marks omitted). Kemp v. Ryan, __F.3d__, 2011 WL 1585598 *13 (9th Cir. 2011).  For example, a petitioner could not simply assert that defense counsel had a conflict, or even that defense counsel's prior representation of a witness created a conflict, and then ask for full discovery to substantiate such a speculative claim.  Rather, petitioner would need to spell out, to the best of his ability, the specific facts underlying the claim.  If these facts are insufficient, that is where the resolution of the issue remains.  If the state courts determine that further factual development is necessary, and/or that an evidentiary hearing is necessary, the state courts may, of course, do so.  However, federal habeas is not a process where a petitioner can keep his criminal case alive by the incessant pleading and discovery of "what if" claims.

\\\\

> No effective judicial system can afford to concede the continuing theoretical possibility that there is error in every trial and that every incarceration is unfounded. At some point the law must convey to those in custody that a wrong has been committed, that consequent punishment has been imposed, that one should no longer look back with the view to resurrecting every imaginable basis for further litigation.....

Schnecloth v. Bustamonte, 412 U.S. 218, 262, 93 S.Ct. 2041 (1973) (Powell, J. concurring).

The same holds true for a (d)(2) issue. A petitioner's lament – let me retry this factual issue until it comes out my way, and give me unlimited discovery to adduce more facts beforehand – would bankrupt the justice system if permitted. If a petitioner has lost the factual issue after a fair hearing in state court which tested the issue, that is, and should be, the end of the matter.

With respect to the second possibility, petitioner prevails on a (d)(1) issue, the undersigned was at first taken aback by petitioner's initial concession that the court would *then* hold an evidentiary hearing, along with permitting preceding discovery. However, after listening to the parties at hearing, and after further reflection, the undersigned agrees.

The facts presented by petitioner to the state courts in a (d)(1) setting are generally presumed true by the state courts,[12] and a ruling is made on the presumed facts. (If the state court has taken facts from respondent, and demonstrates that it has made a ruling on the combined factual presentations, the issue is no longer a (d)(1) issue, but (d)(2).) If a federal court finds that the (d)(1) state court ruling is AEDPA unreasonable, it has not found the accuracy of the facts on which the ruling is made; rather, the federal court has likewise assumed the validity of the facts. It would be inappropriate to issue a final federal ruling with the accuracy of the facts never

---

[12] Cullen, 131 S.Ct. at 1402 n.12 citing People v. Duvall, 9 Cal. 4th 464, 474, 37 Cal. Rptr. 2d 259 (1995). If, however, the federal court found the facts as stated palpably incredible, the decision would be made without any presumption of correctness as to those facts. Id. This proposition is not in dispute. As petitioner briefs, a ruling on the facts presented by a petitioner means: (1) factual allegations (but not conclusory allegations) were accurate; (2) factual disputes presented by respondent, if any, were resolved in petitioner's favor; (3) reasonably specific factual proffers constitute facts. Also, reasonable factual inferences (as opposed to speculative ones) are drawn in favor of petitioner. See Petitioner's Supplemental Briefing at 30.

having been tested. It is at this time that the federal court would permit discovery to corroborate/negate the presumed facts, if otherwise appropriate, and all facts presented by all parties would be considered.

Little authority at present supports this common sense conclusion because <u>Cullen</u> has been so recently announced. But common sense dictates that the parties and the undersigned have chosen the appropriate path. See <u>Hearn v. Ryan</u>, 2011 WL 1526912 (D. Ariz. 2011).[13]

The same holds true for a (d)(2) hearing; if it can be said that the state court factual determination on which a merit's determination was based is AEDPA unreasonable, even after affording a presumption of correctness to the state factual determination, then, and only then, should the federal courts retry the factual issue after affording an appropriate opportunity to develop all pertinent facts.

### D. The Schedule To Be Followed Now

Clearly, <u>Cullen</u> changes the way habeas corpus, and capital habeas corpus, should be scheduled. Therefore, petitioner's motion for discovery, as to all issues requested, is denied without prejudice.[14]

Respondent shall file an answer to the amended petition within 90 days from the filed date of this order. To the extent that respondent has already moved to dismiss certain claims based on procedural default, briefing on those claim may be deferred until such time as the court rules on the asserted procedural defaults, and issues a further briefing order.

A traverse shall be filed to the answer within 30 days after filing of the answer. If respondent has deferred briefing on the claims for which procedural default is sought, the

---

[13] Because the court has adopted the position of the parties, there is no need for the further briefing referenced at the supplemental hearing – whether there has ever been a pre-<u>Cullen</u> case in which a (d)(1) finding of AEDPA unreasonableness had been followed by an evidentiary hearing.

[14] At the initial pre-<u>Cullen</u> hearing in this matter, the undersigned authorized discovery on the juror issue. That authorization is withdrawn. However, to the extent that the parties agree amongst each other that certain factual information should be shared, the undersigned's ruling does not affect such out-of-court agreements to any extent.

9

traverse briefing on those claims is due 30 days after respondent's supplemental briefing is filed.

The court will expeditiously issue (d)(1), and to the extent applicable, if at all, (d)(2) rulings on the claims for which petitioner has sought factual development in his discovery motion. If petitioner prevails on a claim(s), the undersigned will permit further factual development as appropriate. The court will afterwards rule on the remainder of the claims in the petition.

*Conclusion*

Petitioner's motion for discovery, Docket Numbers 107, 110, is denied without prejudice. The parties shall follow the schedule set forth herein.

DATED: May 27, 2011

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: AB
codd1290.dsc.DP