UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT JAMES CODDINGTON,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL MARTEL,<br><br>Respondent. | Civ. No.  S-01-1290 KJM CKD<br><br><br><u>DEATH PENALTY CASE</u><br><br><u>ORDER</u> |

        Petitioner's motion for reconsideration of the magistrate judge's order, denying petitioner's request to undertake discovery, is pending before the court. This court heard argument on October 10, 2011. Bruce Cohen and Jennifer Mann appeared for petitioner; Eric Christoffersen and Ward Campbell appeared for respondent. After carefully considering the parties' arguments and pleadings, the court DENIES the motion for reconsideration.

I.  BACKGROUND

        On June 14, 2002, petitioner Herbert James Coddington filed a petition for a writ of habeas corpus challenging the death sentenced imposed by El Dorado County Superior Court. ECF No. 16. He filed his First Amended Petition on May 27, 2005, raising 160 claims. ECF No. 59.

        On December 21, 2010, petitioner filed a motion for leave to conduct discovery on several of his claims. In claim three, petitioner asserts that Superior Court Judge Charles Fogerty,

1

who was under investigation by federal authorities for involvement with drug traffickers, transferred petitioner's case from South Lake Tahoe to Placerville for personal, non-legal motives, gave a false explanation for the transfer, and failed to disclose a conflict of interest relating to the transfer. Petitioner seeks discovery about the investigation of Judge Fogerty and the connection between the judge and witness Joe Tveten.  In claim thirty-five, petitioner alleges that the testimony of Dr. Richard Sander, who conducted the autopsies and was later discharged for incompetence, was "highly suspect" and contends the prosecutor knew he was presenting testimony of an incompetent witness who had a reckless disregard for the truth. Petitioner asks for permission to serve subpoenas duces tecum on several agencies for material relating to Dr. Sander.  Finally, in claims nine, forty-six, forty-seven and eighty-six, petitioner alleges that the prosecution failed to disclose and trial counsel failed to locate a report generated by a mental health worker shortly after petitioner's arrest; he seeks authority to issue a subpoena duces tecum to the El Dorado County Department of Mental Health for records about petitioner.  ECF No. 107.  In a sealed portion of the motion, petitioner ask for discovery relating to claim 160(a) of the petition, which alleges that a juror was biased and committed misconduct by failing to reveal during voir dire that she had been the victim of a crime and her brother had been in trouble with the law.  ECF No. 110.  The parties do not dispute that the California courts rejected the claims on which petitioner seeks discovery on the merits.

On March 24, 2011, the magistrate judge heard argument on petitioner's motion. ECF Nos. 129, 142.  The judge noted the parties appeared to agree there was good cause for discovery on the juror misconduct/bias claim and explored with them the scope of the request for information.  He also discussed the limits of any request for mental health records from the jails that housed petitioner during the course of the state proceedings.  *See generally* ECF No. 142.[1]

On April 4, 2011, the Supreme Court decided *Cullen v. Pinholster*, ___ U.S. ___, 131 S.Ct. 1388, 1398 (2011), which held that "review under § 2254(d)(1) is limited to the record

---

[1] The court notes that the magistrate judge who decided the discovery motion has since retired and resumed recall status, and a new magistrate judge has been assigned to the case.  This change in the assigned magistrate judge does not affect the court's analysis.

2

1    that was before the state court that adjudicated the claim on the merits." The magistrate judge

2    asked for supplemental briefing on *Pinholster*'s impact on the discovery question. ECF No. 133.

3    　　　　　On May 27, 2011, the magistrate judge denied petitioner's motion for an order

4    authorizing discovery. ECF No. 150. He reasoned that *Pinholster*'s holding necessarily limited

5    discovery in federal habeas cases, because if "evidence introduced in federal court has no bearing

6    on § 2254(d)(1) review," *Pinholster*, 131 S.Ct. at 1400, then a court could not find good cause to

7    permit discovery if the results could not be used as part of the court's review. ECF No. 150.

8    　　　　　Petitioner filed his motion for reconsideration on July 8, 2011. ECF No. 159. For

9    the reasons discussed below, the motion is DENIED.

10   II.   STANDARDS FOR A MOTION TO RECONSIDER

11   　　　　　Federal Rule of Civil Procedure 72(a) directs district judges to consider timely

12   objections to nondispositive pretrial orders issued by magistrate judges and to "modify or set

13   aside any part of the order that is clearly erroneous or is contrary to law." *See also* Local Rule

14   303(f); 28 U.S.C. § 636(b)(1)(A). "[T]he 'contrary to law' standard applies to the magistrate

15   judge's legal conclusions, which are reviewed de novo." *Morgal v. Maricopa Cnty. Bd. of*

16   *Supervisors*, 284 F.R.D. 452, 458 (D. Ariz. 2012) (internal citations and quotation marks

17   omitted); *see also Garcia v. Benjamin Grp. Enter., Inc*, 800 F. Supp. 2d 399, 403 (E.D.N.Y.

18   2011) ("[U]nder the 'contrary to law' standard of review, a district court may reverse a finding

19   only if it finds that the magistrate [judge] 'fail[ed] to apply or misapplie[d] relevant statutes, case

20   law or rules of procedure.") (quoting *Catskill Dev., LLC v. Park Place Entm't*., 206 F.R.D. 78, 86

21   (S.D.N.Y. 2002)).

22   III.  ANALYSIS

23   　　A. The Magistrate Judge's Order

24   　　　　　In his order filed May 27, 2011, the magistrate judge acknowledged that

25   *Pinholster* "dealt specifically with evidentiary hearings," but found "its linkage to the discovery

26   issue . . . unquestionably present." ECF No. 150 at 1. First, the magistrate judge explored

27   *Pinholster*'s impact on review under subsections 2254(d)(1) and (d)(2), noting that it restricted

28   such review to the record before the state court and finding no ambiguity in *Pinholster*'s holding

3

that "'[e]vidence later introduced in federal court is irrelevant to § 2254(d)(1) review.'" ECF No. 150 at 3 (quoting *Pinholster*, 131 U.S. at 1398). He concluded that "in habeas cases where the state courts had made an 'adjudication on the merits' with respect to particular issues, previous rulings by the circuit and district courts permitting federal factual development on such issues prior to a resolution of those issues initially on the state court record have been abrogated." ECF No. 150 at 4 (footnote omitted).

Next, he turned to *Pinholster*'s relevance to discovery, asking rhetorically "how could a district court ever find good cause for federal habeas discovery" if the facts developed during discovery could not be used. ECF No. 150 at 4. He rejected petitioner's suggestion that a court could grant discovery in the federal proceedings to allow petitioner to develop facts he then could take back to state court for exhaustion of state remedies. ECF No. 150 at 5-6.

Finally, the magistrate judge concluded that if petitioner were to prevail on a (d)(1) claim, "it would be inappropriate to issue a final federal ruling with the accuracy of the facts never having been tested," so discovery would be available at that point, assuming it was otherwise appropriate. ECF No. 150 at 8-9.

B. The Motion For Reconsideration

On July 8, 2011, petitioner filed a motion for reconsideration, arguing that the magistrate judge "has extrapolated from *Pinholster* a holding the Supreme Court did not make" and offering "sound systemic reasons" for granting discovery "when, as here, the state factfinding process was demonstrably inadequate." ECF No. 159 at 11. He takes issue with the magistrate judge's apparent assumption that cases come to federal court after a fair hearing, arguing that the California Supreme Court is so overburdened with habeas petitions that it must rely on summary dispositions, as it did with petitioner's state habeas petitions. ECF No. 159 at 16-17. Petitioner poses his own rhetorical question: "Does *Pinholster* logically require that California's 'dysfunctional' and inadequate capital habeas process be accorded such deference that none of Mr. Coddington's very modest discovery requests can be granted until the parties have whacked their way through the § 2254(d) thicket?" *Id*. at 17. He argues strenuously that the magistrate judge's interpretation of *Pinholster* is contrary to law in numerous particulars.

4

Respondent contends there is no basis for reconsideration of the magistrate judge's order, which reflects a common-sense approach to litigating this case; he says that because it is a case management order, it should be reviewed only for abuse of discretion. ECF No. 164 at 2. Respondent also argues that the magistrate judge correctly evaluated *Pinholster*'s impact on discovery in habeas cases.

### i. Discovery in Federal Habeas Cases

Rule 6 of the Rules Governing Section 2254 cases provides in pertinent part:

> (a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . .
>
> (b) Requesting Discovery. A party requesting discovery must provide reasons for the request. The request must also . . . specify any requested documents.

Habeas petitioners are not entitled to discovery as a matter of course, but only when specific allegations show reason to "believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997); *Smith v. Mahoney*, 611 F.3d 978, 996 (9th Cir. 2010). This inquiry is informed by the essential elements of the claims for which petitioner seeks discovery, but the petitioner need not demonstrate that he will ultimately prevail on the underlying claim before he may pursue discovery. *Bracy*, 520 U.S. at 904; *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005).

### ii. *Pinholster*

The decision whether to grant an evidentiary hearing is grounded in the Antiterrorism and Effective Death Penalty Act (AEDPA), which provides in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

/////

      (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

   (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

   (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

    (A) the claim relies on–

      (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

      (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254.

   In *Pinholster*, the Supreme Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits" because the review "focuses on what a state court knew and did." 131 S.Ct. at 1398, 1399.  The Court reiterated that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before the state court." Id. at 1400.

   *Pinholster* restricts the consideration of evidence that was not before the state court under § 2254(d)(2) as well as under (d)(1); to determine whether there has been an unreasonable determination of fact, a district court must consider the record before the state court. *Pinholster*, 131 S.Ct. at 1400 n.7 (noting the "additional clarity" in (d)(2), which specifically provides that review is limited to the state record); *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir.

/////

2011), *cert. denied*, 133 S.Ct. 105 (2012*); Lor v. Felker*, No. CIV S–08–2985 GEB DAD P, 2012 WL 1604519, at *5 (E.D. Cal. May 7, 2012), *aff'd,* 2012 WL 3201961 (E.D. Cal. Jul. 31, 2012).

The *Pinholster* court recognized that § 2254(e)(2) also imposes limits on evidentiary hearings in habeas corpus proceedings, noting that this section "continues to have force where  § 2254(d)(1) does not bar habeas relief. . . . At a minimum, therefore, § 2254(e)(2) still restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court." *Id*. at 1401.

Despite the apparent clarity of its pronouncements, the Supreme Court stopped short of a holding:  it said that because the petitioner had not shown that the state court decision ran afoul of § 2254(d), it "need not decide whether § 2254(e)(2) prohibited the District Court from holding the evidentiary hearing or whether a district court may ever choose to hold an evidentiary hearing before it determines that § 2254(d) has been satisfied." *Id*. at 1420 n.20.

iii.  *Pinholster* and Discovery

Since *Pinholster* was decided, district courts have wrestled with its implications, if any, for discovery in habeas cases, with little guidance from the Courts of Appeal. Although the Ninth Circuit has mentioned *Pinholster* in connection with discovery, it has done so in passing, with little analysis. *See, e.g., Jamerson v. Runnels*, 713 F.3d 1218, 1226 (9th Cir. 2013) (*Pinholster* "was concerned with preventing 'habeas-by-sandbagging'"); *Runningeagle v. Ryan*, 686 F.3d 758, 773-74 (9th Cir. 2012) (petitioner "not entitled to an evidentiary hearing or additional discovery in federal court because his claim is governed by 28 U.S.C. § 2254(d)(1). As the Supreme Court has recently held, review of such claims 'is limited to the record that was before the state court . . . .'"); *Peraza v. Campbell*, 462 F. App'x 700, 701 (9th Cir. 2011) (unpublished) ("to the extent Peraza seeks to expand  record through discovery or an evidentiary hearing, beyond what was presented to the state court, we conclude that such relief is precluded by *Pinholster* with regard to any of his claims under § 2254(d)(1)."); *Gonzalez v. Wong*, 667 F.3d 965 (9th Cir. 2011), *cert. denied sub nom. Chappell v. Gonzales*, 133 S.Ct. 155 (2012) (under *Pinholster*, court could not consider new material petitioner uncovered during habeas proceedings showing a potential *Brady* violation, but as it could not ignore it either because of strength of

7

evidence, it directed district court to stay federal proceedings to allow petitioner to return to state court).[2]

A number of district courts have rejected the position the magistrate judge took in this case. For example, in *Sample v. Colson*, the district court determined, "[g]iven the lack of direct guidance from the Supreme Court or the Sixth Circuit on the breadth of *Pinholster*, the Court will follow the plain language of *Pinholster* and limit its force to § 2254 habeas review." F. Supp. 2d __, 2013 WL 3822072, at *18 (W.D. Tenn. July 23, 2013) (internal citations omitted); *see also Pike v. Johnson*, No. 1:12-cv-35, 2013 WL 2457718, at *3 (E.D. Tenn. June 6, 2013) (stating "[w]hile *Cullen v. Pinholster* limits the scope of review under § 2254(d)(1), it says nothing about the court's discretion to allow discovery"). In *Conway v. Houk*, No. 2:07-cv-947, 2011 WL 2119373, at * 4 (S.D. Ohio May 26, 2011), the court declined to apply *Pinholster* to discovery in habeas cases, concluding that "its discretion is better exercised in not foreclosing at this stage the possibility of discovery," rather than waiting until it undertook the § 2254(d)(1) analysis. *See also Ervin v. Cullen*, No. C 00-01228 CW, 2011 WL 4005389, at *4 (N.D. Cal. Sep. 8, 2011) (finding the heightened need for discovery in capital cases justified discovery despite *Pinholster*).

On the other hand, other courts have reached the same conclusions as the magistrate judge did in this case. For example, in *Caudill v. Conover*, the district court observed that there was "no reason why [*Pinholster*'s] holding would not equally apply to new evidence the Petitioner seeks to obtain by way of discovery," because it would have no bearing on § 2254(d)(1) review. 871 F. Supp. 2d 639, 645 (E.D. Ky. 2012). The court also rejected petitioner's claim that *Pinholster* was premised on an assumption of an adequate state post-conviction process. *Id.* at 647; *see also Atkins v. Clarke*, 642 F.3d 47, 49 (1st Cir. 2011), *cert. denied sub nom. Atkins v. Spencer*, 132 S.Ct. 446 (2011) (upholding denial of request for an

---

[2] Some district courts have read *Gonzalez* to mean that a district court could authorize discovery or hold a hearing and then stay the federal proceedings to allow a petitioner to return to state court. *Johnson v. Chappell*, No. 3-98-cv-4043-SI, 2013 WL 1320520, at *1 (N.D. Cal. Mar. 29, 2013); *Hughes v. Chappell*, No. 3-3-cv-2666-JSW, 2012 WL 3542475, at *3 (N.D. Cal. Jul. 25, 2012). This court need not consider whether or not these cases are correct readings of *Gonzalez* and/or *Pinholster* in light of its resolution of this motion.

evidentiary hearing despite petitioner's argument that *Pinholster* presupposed the state had provided a full and fair evidentiary hearing); *Kyle v. Gansheimer*, No. 5:11CV1395, 2011 WL 4566363, at *2 (N.D. Ohio Sep 29, 2011) (applying *Pinholster* to habeas discovery); *Lynch v. Hudson*, No. 2:07-cv-948, 2011 WL 4537890, at *4 (S.D. Ohio Sep. 28, 2011) (rejecting petitioner's claim that *Pinholster* does not apply when the state's fact-finding procedure is truncated and finding court was precluded from expanding the record to consider material not presented to the state court). In addition, in *Trimble v. Bobby*, No. 5:10-CV-1527323, 2011 WL 1527323 at *2-3 (N.D. Ohio Apr. 19, 2011), the court overturned its order directing that petitioner be transported for a PET scan the trial court had refused to give him, reasoning discovery was not appropriate under *Pinholster* until the court had undertaken the § 2254(d)(1) analysis. *See also Ahmed v. Houk*, No. 2:07-cv-658, 2011 WL 4005328, at *2 (S.D. Ohio Sep. 8, 2011) ("there is no good reason to gather evidence which one will not be permitted to present").

      Here, given the potential implications of *Pinholster*'s holding for the habeas discovery process, the lack of Ninth Circuit interpretation, and the stark divisions in the emerging case law, it is difficult to conclude the magistrate judge's determination was contrary to law. Even without adopting his analysis of *Pinholster*, this court cannot say the magistrate judge's ultimate decision, to defer deciding whether discovery should be allowed until a later time, is contrary to law. Petitioner has pointed to nothing compelling approval of discovery at any particular point in the proceedings: Rule 6 itself says only that "[a] judge may, for good cause, authorize a party to conduct discovery . . ." The Advisory Committee Notes to Rule 6 discuss the timing of discovery, noting that "[w]hile requests for discovery in habeas proceedings normally follow the granting of an evidentiary hearing, there may be instances in which discovery would

/////
/////
/////
/////
/////
/////

9

be appropriate beforehand." The Committee cites the Supreme Court decision to *Harris v. Nelson*, which says that

> [a]t any time in the proceedings, when the court considers that it is necessary to do so in order that a fair and meaningful evidentiary hearing may be held so that the court may properly 'dispose of the matter as law and justice require,' either on its own motion or upon cause shown by the petitioner, it may issue such writs and take or authorize such proceedings with respect to development, before or in conjunction with the hearing of the facts relevant to the claims advanced by the parties, as may be 'necessary or appropriate in aid of (its jurisdiction) . . . .

394 U.S. 286, 300 (1969); *see also Bracy*, 520 U.S. at 909 ("Rule 6(a) makes it clear that the scope and extent of . . . discovery is a matter confided to the discretion of the District Court."). These authorities do not say that a district court must authorize discovery at any particular point in the proceedings. While it may make sense to permit the parties to undertake discovery early in the proceedings, it may also make sense to defer discovery until it appears that the undertaking will not be futile. Whatever the ultimate impact of *Pinholster* on discovery in federal habeas proceedings, this court cannot conclude that the magistrate judge's decision to postpone any discovery is contrary to law. Given this division's practice of referring capital habeas matters to magistrate judges for pre-dispositive proceedings, the court declines to override the magistrate judge's application of the law in this territory, only now being charted.

        IT IS THEREFORE ORDERED that the motion for reconsideration is denied.

DATED: September 30, 2013.

_____
UNITED STATES DISTRICT JUDGE